

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FEDERAL TRADE COMMISSION, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 03 C 05532 |
| ICR SERVICES, INC., NATIONAL CREDIT EDUCATION AND REVIEW, BERNADINO J. PAVONE, JR., ABOOD SAMAAN, GLORIA TACTAC, and TODD RENZI, | ) |
| Defendants. | ) Wayne R. Andersen ) District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before this court on plaintiff Federal Trade Commission's Motion to Clarify the Amount Owed By Defendants. For the following reasons, this court orders that defendants are not entitled to claim a credit of $499,000 against the amount still owed to the Commission under the terms of a 2003 consent order. Accordingly, defendants are jointly and severally liable for $505,943.21 to the Federal Trade Commission.

### BACKGROUND

On August 8, 2003, the Federal Trade Commission (the "Commission") filed a complaint against the defendants alleging that they had engaged in a series of deceptive practices in the course of marketing and selling their credit repair service to consumers across the country. On the same day, both parties entered a Consent Order ("the Order") which, among other things, required the defendants to pay $1,150,000 to the Commission, minus a credit defendants received for payments made pursuant to a class action settlement in a similar case. Defendants still owe $505,943.21. (Pl's. Mot., ¶ 8)

1

The Commission has asked this court to interpret Section III.B of the Order, which enables the defendants to obtain a credit against the amount owed. Before the Order was entered, defendants had settled a class-action lawsuit in the Northern District of Alabama. *See Carter v. ICR Services, Inc.*, No. 00-CV-2666-W (N.D. Ala.) Section III.B.1 of the Order empowered the defendants to claim a dollar-for-dollar credit for "[a]ny amounts paid by Defendants after the date on which all Defendants have signed this Order into the claims fund or the fee and expense fund established by that settlement." (Pl's. Ex. A) The claims fund was established for the benefit of the members of the class in the Alabama lawsuit and the fee and expense fund was established to provide payment toward class counsel's attorney's fees. (Pl's. Mot., ¶ 6) In order to receive a credit, defendants must "provide the Commission with written proof in a form acceptable to the Commission that any amount for which a credit is sought actually was paid to the enumerated settlement funds or entitles ..." (Ex. A, at 13)

By 2005, defendants still owed approximately $285,000 to class counsel as a result of the Alabama litigation. In August 2005, Bernadino J. Pavone, Sr.—the father of defendant Bernadino J. Pavone, Jr. and ex-husband of defendant Gloria Tactac—paid class counsel $150,000 in exchange for class counsel assigning its claim to the $285,000 to him. (Pl's. Ex. C) Two months after Pavone, Sr. obtained the assignment, defendants tried to resolve that claim by transferring real property and auctioning some personal property. (Pl's. Ex. H) Defendants told the Commission they intended to seek a $499,000 credit, the value of the property transferred to Pavone, Sr., in a proceeding in the Bankruptcy Court in the Eastern District of Michigan. *See In re ICR Services, Inc.*, No. 04-42593-MBM (Bankr. E.D. Mich.). The Commission requested additional proof about the claimed credit, and agreed to postpone the Bankruptcy Court proceeding. In the meantime, the Commission filed the instant motion, asking this court to interpret the Order and determine the validity of the claimed credit.

## DISCUSSION

When this court entered the Order, it retained jurisdiction for "all purposes, including construction, modification, and enforcement of this Order." (Consent Order § XIII, Ex. A at 31) "For the purposes of construction, a judicially approved consent decree is essentially a contract." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). "Interpreting a consent decree requires an understanding of the context in which the decree was entered." *Bock v. Computer Associates Intern., Inc.*, 257 F.3d 700 (7th Cir. 2001). This court concludes that a payment to an individual closely connected with two of the defendants is not a payment "into the claims fund or the fee and expense fund" established by the Alabama settlement and therefore does not fall within the scope of payments for which the defendants may claim a credit under the express terms of the Order. (Ex. A, at 12)

The purpose of payments required by the Order was to provide a method by which defendants agreed to redress the thousands of consumers the Commission alleged were victimized by their deceptive practices. (Pl's Mot., ¶ 5) Recognizing that defendants had a limited amount of assets to satisfy both the Alabama class-action settlement and the Order at issue here, and because the Commission wanted to ensure that the terms of the Alabama settlement were fulfilled first, the Commission agreed to provide a credit for any payments made to satisfy the Alabama settlement. (Pl's Mot., ¶ 22) Before obtaining this credit, however, the Order requires defendants to provide the Commission with proof that the claimed credit was actually paid to "the *enumerated* settlement funds." (Ex. A, at 13) (emphasis added) A payment to a father and ex-husband to satisfy an assignment is not part of the settlement fund established by the Order.

Furthermore, the Order gives the Commission discretion to determine what forms of proof are acceptable for the purposes of determining whether a claimed credit is valid. This

3

court takes note of the fact that class counsel fought for three years with the defendants to obtain the money to which they were entitled, and finally settled its claim for $150,000 in exchange for assigning the claim to Pavone, Sr. Yet just two months after this assignment, defendants had no difficulty transferring approximately $499,000 in real and personal property to Pavone, Sr. Despite a request from the Commission requesting more information, the defendants only submitted the Settlement Agreement between Pavone, Sr. and defendants and documents confirming the transfer of property to support their claim. Nothing was ever submitted to indicate that defendants believed the property transfer fell within the scope of payments that count as credit as defined by Section III.B.1 of the Order.

Defendants make three arguments to support their assertion that they are entitled to a credit in this instance. First, they suggest that the credit must be allowed because the Commission never objected to the assignment of the class counsel claim to Pavone, Sr. However, there is nothing to suggest that the Commission had notice of the assignment and upon what basis the Commission could have objected to the assignment. The Commission's only recourse would be to challenge that defendants are not entitled to a credit in this court for payments made to Pavone, Sr., which they have done in this proceeding. Second, defendants assert that the Commission admitted in a Bankruptcy Court filing that payments of the type made to Pavone, Sr. are entitled to credit. However, defendants selectively misquote the Commission's filing, which provided that credit is eligible for "designated payments," meaning those payments that fall within the scope of the Order. (Def's. Ex. C, at 3)

Finally, defendants argue that, because the Commission approved some payments directly to class counsel, and those payments did not pass through the fee and expense fund described in the Order, the Commission cannot challenge the payment to Pavone, Sr. But this court believes this is too literal a reading of the Order. As the Commission argues, there is a

4

significant difference between paying class counsel fees and transferring property to a person closely connected to two of the defendants. The Commission made this distinction clear in a July 2005 e-mail exchange with defendant Todd Renzi by noting that credit was available if a payment was made to class counsel. (Pl's. Ex. F) The Order clearly contemplated that the class counsel should receive money. The same cannot be said for a payment made to Pavone, Sr.

Accordingly, under the terms of the Order, defendants are not entitled to claim a credit for the property transfer made to Pavone, Sr.

## **CONCLUSION**

For the foregoing reasons, this court concludes that defendants are not entitled to claim a credit of $499,000 against the amount still owed to the Commission under the August 8, 2003 consent order. Because defendants have not challenged the Commission's assertion regarding the outstanding amount, this Court determines that all defendants are jointly and severally liable for $505,943.21 to the Federal Trade Commission.

It is so ORDERED.

_Wayne C. _____
Wayne R. Andersen
United States District Judge

Dated: _August 18, 2006_

5